IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTHONY RODRIGUEZ,

    Plaintiff,

v.                                                      15cv985 WPL

NANCY A. BERRYHILL,[1]
*Acting Commissioner of the*
*Social Security Administration*,

    Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEY'S FEES

Plaintiff Anthony Rodriguez filed an opposed motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. 30.) The Commissioner of the Social Security Administration ("Commissioner") filed a response (Doc. 31), and Rodriguez filed a reply (Doc. 32).

Rodriguez's counsel reports that she "expended a total of 48.40 hours providing professional services" at "the applicable EAJA rate of $192.00 per hour" for a total of "$9,292.80" in fees, but "is reducing the total by 5% in order to avoid a potential appearance of over[-]reaching and is requesting a fee in the amount of $8,824.16." (Doc. 30 at 2 (emphasis omitted).)[2] She also seeks "costs in the amount of $413.61." (*Id.*) The motion includes as an exhibit a Declaration of Time that logs the hours counsel spent on the case in increments of 1/10 of an hour and includes the items billed as costs. (Doc. 30-2.)

---

[1] Nancy A. Berryhill, who is now the Acting Commissioner of the Social Security Administration, is substituted for Acting Commissioner Carolyn W. Colvin under Rule 25(d) of the Federal Rules of Civil Procedure.

[2] Counsel's five percent reduction calculation appears to be incorrect, but it is does not bear on the resolution of this motion.

"The Commissioner objects because the number of hours Plaintiff requested is unreasonable given the average-length record, the standard arguments Plaintiff presented, and Plaintiff's counsel's familiarity with the underlying facts and issues in this case." (Doc. 31 at 1.) She cites specific instances of overbilling, a recent District of New Mexico case calculating that courts in the Tenth Circuit have held that the average time required to fully brief a social security appeal is 20 to 40 hours, and argues that "the Court should reduce the requested amount to no more than 40 hours at the requested $192.00 per hour, for a maximum attorney fee award of $7,680.00." (*Id.* at 4 (emphasis omitted).)

Having reviewed the briefing, record, and applicable law, I find that an award of fees is appropriate, but the amount of fees requested is unreasonable. Therefore, I grant in part and deny in part the motion.

The EAJA provides for an award of attorney fees to a plaintiff when: 1) he is the prevailing party; 2) the position of the United States was not substantially justified; and 3) no special circumstances would make the award unjust. 28 U.S.C. § 2412(d)(1)(A); *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). However, the fees should be "reasonable." *Comm'r, INS v. Jean*, 496 U.S. 154, 161 (1990); *Hackett*, 475 F.3d at 1168. The applicant bears the burden of establishing entitlement to an attorney-fee award, documenting the appropriate hours expended, and showing that the hours are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "[O]nce the determination has been made that the government's position was not substantially justified, then the court should determine what fee is merited for all aspects of the litigation that deal with creating a benefit to the claimant." *Gallaway v. Astrue*, 297 F. App'x 807, 809 (10th Cir. 2008) (unpublished) (citing *Jean*, 496 U.S. at 161). Determining the

reasonableness of the number of hours billed lies within the Court's discretion. *Jean*, 496, U.S. at 161 (citing *Hensley*, 461 U.S. at 437).

After reviewing counsel's Declaration of Time, I find that fee reduction is warranted in three categories—clerical work, brief preparation, and costs. I address each in turn.

No award is appropriate for clerical work. *Dalles Irrigation Dist. v. United States*, 91 Fed. Cl. 689, 708 (2010) ("[T]he filing of pleadings is considered clerical work" and is not compensable under EAJA); *see Gatson v. Bowen*, 854 F.2d 379, 381 (10th Cir. 1988) (remanding EAJA-fees petition and noting the distinction between work that is "clerical rather than legal"); *Sorenson v. Concannon*, 161 F. Supp. 2d 1164, 1168-69 (D. Or. 2001) (reducing EAJA-fees request for work that was "purely clerical in nature").

Below is a table listing three entries that qualify as clerical. I have included the amount of hours counsel billed ("Claimed") and the corresponding permissible fee award ("Compensable"). The total reduction in time is three hours.

| Date | Services Provided | Claimed | Compensable |
|---|---|---|---|
| "1/20/15 | Initial review of admin[.] record, prepare working index | 0.75" | 0 |
| "1/22/16 | Study and note admin[.] record for brief preparation | 2.0" | 0 |
| "7/12/16 | Review file, prepare and submit notice of briefing complete | 0.25" | 0 |

(Doc. 30-2 at 1, 3.)

I also note that this Court has admonished counsel at least twice that billing for reviewing the administrative record is not compensable under the EAJA. *Kuykendall v. Colvin*, No. 13-cv-877 MV/WPL, Doc. 35 at 3 (D.N.M. Apr. 7, 2015); *Romero v. Colvin*, No. 11-cv-994 JB/SMV, Doc. 43 at 4 (D.N.M. Mar. 20, 2014).

Reduction is also warranted for counsel's time for her brief-in-chief. "In awarding fees under the EAJA . . . [courts] have a special responsibility to ensure that taxpayers are required to

3

reimburse prevailing parties for only those fees and expenses actually needed to achieve the favorable result." *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 975 (D.C. Cir. 2004). The Tenth Circuit recognizes that attorneys typically exercise "billing judgment" and do not bill clients for every hour expended in litigation. *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1202 (10th Cir. 1998) (quoting *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996)). To show appropriate billing judgment, an attorney should make a good-faith effort to exclude those hours from the request that are excessive, redundant, or otherwise unnecessary, and Courts have a corresponding duty to exclude hours "not reasonably expended" from the calculation. *Id.* (quotation omitted).

Comparing counsel's brief-in-chief (Doc. 17) with the entries in her Declaration of Time reveals that three entries should be reduced, with the reductions totaling four hours.

First, the entry on "2/1/16" for "Brief analysis & writing – Drs. Sanburn, Reid records and ALJ dec." for "4.0" hours (Doc. 30-2 at 2) is reduced to two hours because the legal issue was straightforward—whether the ALJ properly weighed the medical opinions. (*See* Doc. 17 at 1 (summarizing argument).)

Second, the entry on "2/3/16" for "Brief analysis & writing – Dr. Hermes, Schwartz, DDS" for "2.5" hours (Doc. 30-2 at 2) is reduced to one-and-one-half hours for the same reason noted above.

Third, the entry on "4/5/16" for "Rework arguments in brief" for "2.5" hours (*id.*) is reduced to one-and-one-half hours because none of the three arguments in the brief-in-chief were particularly complicated. (*See* Doc. 28 at 7 (Memorandum Opinion and Order summarizing that Rodriguez's three arguments were that the ALJ erred in his credibility determination, weighing of medical opinions, and interpretation of the burden of proof at step five).)

As for counsel's billing for her reply brief, greater reductions are warranted. Three entries should be reduced, with the reductions totaling nine hours.

First, the entry on "7/1/16" for "Work on Dr. Shield's issue" for "4.0" hours (Doc. 30-2 at 2) is reduced to one hour because Dr. Shields's opinion was not important to resolve the case, and the argument about his relevance was straightforward. To summarize briefly, Dr. Genovese-Elliot's work capacity assessment noted Dr. Shields's opinion that Rodriguez was unable to work, but other than this second-hand reference, the record does not contain an opinion from Dr. Shields. (*See* Doc. 28 at 5.) Both the ALJ's decision and counsel's brief-in-chief reflect his limited role: the ALJ did not reference Dr. Shields in his decision, and counsel only devoted one paragraph to him in her brief-in-chief. (*See* Doc. 17 at 14.) Billing four hours for a minimally relevant medical source opinion in a reply brief is excessive.

Second, the entry on "7/7/16" for "Continued reply brief analysis & writing re dismissal of Dr. Shields opinion" for "2.0" hours (Doc. 30-2 at 2) is reduced to one-half hour, for the same reasons noted above.

Third, the entry on "7/12/16" for "Rework brief, final edit of reply brief" for "6.0" hours (*id.* at 3) is reduced to one-and-one-half hours. Reworking the reply seems unnecessary, especially given that the counter-arguments in the Commissioner's response were not complicated.

Regarding counsel's request for costs in the amount of $413.61, she seeks $400 for the filing fee and $13.61 for postage. (*Id.*) Postage fees, however, are not recoverable. *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986) ("Costs for travel expenses and postage fees are not authorized.").

Lastly, counsel's request that I award the EAJA fees directly to her, rather than to Rodriguez, is denied. (*See* Doc. 30 at 1-2.) Her argument is poorly supported: she acknowledges the Supreme Court case interpreting the C.F.R. section mandating that EAJA fees go to the prevailing party, not the attorney—*see Astrue v. Ratliff*, 560 U.S. 586, 591 (2010) (interpreting 28 U.S.C. § 2412(d)(1)(A) and noting that "[w]e have long held that the term 'prevailing party' in fee statutes is a 'term of art' that refers to the prevailing litigant")—but then argues, without citing a case, that "[w]hile this request has been denied in this jurisdiction it was granted to this counsel in the Ninth Circuit and appears not to violate any law." (Doc. 30 at 2.) *Ratliff* forecloses counsel's argument, and without providing a citation to the referenced Ninth Circuit case for my review, her argument cannot succeed.

IT IS THEREFORE ORDERED THAT the motion is granted in part and denied in part. Rodriguez is awarded $6,220.80 in attorney fees for 32.40 hours of work (48.40 hours minus sixteen hours multiplied by $192.00) plus $400.00 in costs for a total award of $6,620.80. 28 U.S.C. § 2412(d)(1)(A); *Ratliff*, 560 U.S. at 591-93.

IT IS FURTHER ORDERED THAT, if Rodriguez's counsel receives attorney fees under both the EAJA and 42 U.S.C. § 406(b) of the Social Security Act, counsel shall refund the smaller award to Rodriguez pursuant to *Weakley*, 803 F.2d at 580.

                                                      */s/ William P. Lynch*
                                                     William P. Lynch
                                                     United States Magistrate Judge